NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 05-CV-180-KKC

BENJAMIN MEJIA                                                           PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

D.L. STINE                                                              RESPONDENT

**         **         **         **         **

Benjamin Mejia, an individual currently in the custody of the Federal Bureau of Prisons

("BOP") and incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has

filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the

district court filing fee.  This matter is before the Court for initial screening.  28 U.S.C. §2243;

*Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134,

141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d

688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that while he was incarcerated at the BOP's FCI-Elkton prison, he was

found guilty of a disciplinary offense by a BOP staff member who did not have sufficient evidence

of guilt and was discriminating against him based on his being a convict.  The Court liberally

construes this as being claims under the Fifth Amendment.

FACTUAL ALLEGATIONS

The following is a summary or construction of the Petitioner's allegations, as contained in

a completed §2241 petition form, several accompanying typed pages, and numerous attached documents.

Petitioner Mejia complains of a March 24, 2003 decision of a Disciplinary Hearing Officer ("DHO"), wherein he was found guilty of threatening another with bodily harm, a code 203 offense, for which he was sanctioned with the loss of 27 days of good conduct time. The incident grew out of a confrontation between the petitioner and an FCI-Elkton officer in Health Services, Mr. Hall, who wrote an incident report charging the petitioner with the threatening offense. Both Hall and Mejia agree that the prisoner was upset that an MRI was not going to be taken, Mejia insisting that one had been promised him by another staff member. The incident report stated that the petitioner made several threats and even took a step toward Hall, while saying that he didn't want to hurt him.

The DHO's report states that at his hearing on the charge, Hall's incident report was read to Mejia and he was asked whether it was true; and the petitioner explained to him that he had been lied to about the MRI. The petitioner denied any threat but did not call the other staff member or any witnesses. Finding that the petitioner's statement at the hearing provided corroboration of the officer's version of events and that the officer had nothing to gain by providing inaccurate information, the DHO found that Mejia was guilty and disallowed the 27 days of good conduct time.

The petitioner began a lengthy administrative appeal of the decision and a pursuit of a civil case on the matter, *Mejia v. Bezy*, No. 03-CV-1676, United States District Court for the Northern District of Ohio, Eastern Division. By Order of February 25, 2004, the case was remanded to the BOP to give the petitioner a chance to exhaust the BOP administrative process. Petitioner Mejia complains that still another problem occurred in his attempt to complete the BOP appeal process. Regardless, on March 21, 2005, the petitioner received the response of the BOP national office,

2

rejecting his claim:

> . . . The DHO's decision was based upon the greater weight of the evidence that he has detailed in Section V of the DHO report. We also find it reasonable for the DHO to have made this determination based on the reporting officer's account of the incident . . .

> . . . [W]e find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and appropriate sanctions were imposed. . . .

Complaint Attachment, dated February 28, 2005.

Having exhausted his administrative remedies, the petitioner filed the instant cause. He argues that if he had truly been guilty of threatening a BOP officer, he would not have been returned to the general population after just 4 days in segregation, but would have been segregated longer or even transferred from that institution to another. He points out that he had been imprisoned for years with a totally clear record until the disciplinary conviction at issue herein. As to why the officer should not have been believed, the petitioner states that he had irritated the Health Services officers by coming to sick call daily and by his family's having called about his medical treatment. Further, he argues, the DHO did have something to gain: he chose to side with an officer rather than an inmate, so that he would have a clear record with his co-workers.

## DISCUSSION

Procedural due process is mandated by the U. S. Constitution only when the sanction affects the duration of a prisoner's sentence or imposes an atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Since the instant petitioner does not challenge the procedures used or claim any irregularities, the Court assumes that *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures were followed, consistent with the BOP's responses.

3

However, the petitioner clearly suggests that the DHO was biased against him.  A prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker.  *Superintendent v. Hill*, 472 U.S. 445 (1985).  However, there is no constitutional infraction, if there is no showing of actual bias.  *See Komyatti v. Wright*, 78 F.3d 586, **2 (7th Cir. 1996) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974)).  The petitioner provides no actions or utterances or reasons which would show that the DHO had bias against him, and therefore, no constitutional claim is stated.

As to the sufficiency of the evidence to support his conviction, in *Superintendent v. Hill*, the Supreme Court held that

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

472 U.S. at 454-55.  A review of a decision of a prison disciplinary body does not involve a redetermination of an inmate's innocence or guilt.  The Court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support.  *Id.* at 457.

In this case there is "some evidence" of the petitioner's guilt in that there is the officer's detailed description of the events in the incident report and the prisoner's admission of his anger over the very topic the two men discussed.  While Mejia insists that he meant no harm, did not threaten harm, his words and the very fact that there was an admitted confrontation between a corrections officer and an inmate is evidence supporting the finding of a prison offense.

To the extent the petitioner is asserting that the evidence supplied by the officer lacks

4

credibility, independent assessment of witnesses' credibility is not required of the Court. *Id.* at 455. Moreover, the credibility determinations of the hearing officers cannot be disturbed on appeal. *See Wagner v. Seely,* 915 F.2d 1575, 1576 (7th Cir. 1990) (unpublished), *cert. denied* 501 U.S. 1219 (1991).

Nor has the petitioner stated a substantive due process claim. The Petitioner "must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1951)); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993)); *see also Cale v. Johnson*, 861 F.2d 943, 949 (6th Cir. 1988). This Court's conscience is not shocked that a correctional officer will believe another officer above an inmate who explains why he was so mad as to confront a corrections officer with his demand for an MRI.

Finally, to the extent that the petitioner is attempting to state an equal protection claim, he has failed to do so. The equal protection principles of the due process clause of the Fifth Amendment provide "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A complainant does not state an equal protection claim unless he or she does demonstrates that he or she was similarly situated to other *prisoners. See New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 17 (1988). The health officer and the instant petitioner simply are not similarly situated. A discrimination claim which is not supported by factual allegations is dismissable as being only conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971).

## <u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Benjamin Mejia's petition for writ of habeas corpus is **DENIED**;

(2)     this matter is **DISMISSED**; and Judgment shall be entered contemporaneously with

this Memorandum Opinion and Order in favor of the Respondent.

Dated this 13th day of October, 2005.

**Signed By:**

_**Karen K. Caldwell**_   $\mathcal{KKC}$

**United States District Judge**

6